OPINION
{¶ 1} Plaintiff-appellant, William F. Opatken, appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, City of Youngstown, on his claim for personal injuries.
 {¶ 2} Appellee contracted with appellant's employer, Engineering Services and Consultants, Inc., to conduct an on-site assessment and evaluation of underground fuel tanks located under the D'Apolito Building, a vacant and unused building owned by appellee. On August 14, 1998, a custodian met appellant at the building and let him conduct the inspection. While descending a flight of stairs, appellant fell through the stairs and was injured.
 {¶ 3} On June 23, 2000, appellant filed a complaint alleging that appellee was negligent in maintaining the building. The case proceeded to discovery, including appellant's deposition, and certain third-party practice, which is not relevant to any issues raised in this appeal. On December 31, 2001, appellee filed a motion for summary judgment on the grounds that it was entitled to governmental tort immunity and that appellant's claim failed as a matter of law under established principles of premises liability law. On February 8, 2002, appellant filed a memorandum in opposition. On March 1, 2002, the trial court granted appellee summary judgment on the basis of governmental immunity. The trial court filed an amended judgment entry on April 30, 2002, adding the finding that there was no just reason for delay and making it a final appealable order. This appeal followed.
 {¶ 4} Appellant filed a request for oral argument in this matter and a hearing was scheduled for February 19, 2003. Prior to the hearing, appellant's counsel notified this court that he was withdrawing his request for oral argument. The hearing was held as scheduled and counsel for appellee did appear and present an oral argument.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "The trial court abused its discretion in sustaining defendant's motion for summary judgment."
 {¶ 7} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.(1976),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 8 O.O.3d 73; Civ.R. 56(C).
 {¶ 8} Determining whether a political subdivision is immune from liability entails a three-tier analysis. Cater v. Cleveland,83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610. The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability. Id. Specifically, R.C. 2744.02(A)(1) provides in relevant part:
 {¶ 9} "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
 {¶ 10} At the second tier, immunity can be removed under any one of five exceptions to immunity. The immunity afforded to political subdivisions under R.C. 2744.02(A)(1), by its express terms, is subject to the five exceptions listed in R.C. 2744.02(B). Cater,83 Ohio St.3d at 28, 1998-Ohio-421, 697 N.E.2d 610.
 {¶ 11} At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C. 2744.03.
 {¶ 12} Turning to the case at hand, we begin at the first tier with the general rule of blanket immunity. At the second tier, appellant argues that the R.C. 2744.02(B)(4) exception applies to remove appellee's immunity. That section provides:
 {¶ 13} "Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
 {¶ 14} Contrary to appellant's assertion, R.C. 2744.02(B)(4) is not a viable exception to immunity in this case. There is no dispute that the building involved was vacant and unused. Appellant knew this when he entered it. The building had to be unlocked for him to get in. R.C.2744.02(B)(4) does not simply require mere ownership on the part of the governmental entity to establish the exception to immunity. In addition to ownership, a plaintiff must establish negligence on the part of one or more of the governmental entity's employees and that the premises are used in connection with the performance of a governmental function. Appellant failed to provide any evidence that the building in question was being used in connection with the performance of a governmental function, let alone any negligence on the part of appellee's employee(s).
 {¶ 15} Having reviewed the record and, upon consideration thereof and the law, there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of appellant, reasonable minds could only conclude that he failed to support the necessary elements of his cause of action, as required by R.C. 2744.02(B)(4), and appellee is entitled to summary judgment as a matter of law.
 {¶ 16} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 17} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite and DeGenaro, JJ., concur.